Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 330-4657

Attorneys for Plaintiff
Fred Jones

2006 SEP 26 AM 8:55

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FRED JONES,**<br>PLAINTIFF,<br>V.<br>**BENJAMIN MICHAEL & ASSOCIATES,**<br>DEFENDANT. | **Case No.:** '06 CV 2079 W WMc<br>**VERIFIED COMPLAINT FOR DAMAGES**<br>**JURY TRIAL DEMANDED** |

ORIGINAL

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

[1] 15 U.S.C. §§ 1692(a)-(e)

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[2]

3. FRED JONES, ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BENJAMIN MICHAEL & ASSOCIATES, ("Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendants named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

6. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

7. Because Defendant does business within the State of California, personal jurisdiction is established.

---

[2] Cal. Civ. Code §§ 1788.1 (a)-(b)

8. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

9. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Smithtown, County of Suffolk, State of New York.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was an individual residing within the State of California.

16. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

17. Sometime before June 9, 2006, Plaintiff allegedly incurred financial obligations to Wells Fargo Investments that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

18. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

19. Sometime thereafter, but before June 9, 2006, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

20. Plaintiff is informed and believes, and thereon alleges, that subsequently, but before June 9, 2006, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about June 9, 2006, Defendant sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and in the name of Defendant. (See Plaintiff's Exhibit 1).

22. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a) and Cal. Civ. Code § 1812.700(b).

//

//

23. Defendant, a third party, and a debt collector as defined pursuant to Cal. Civ. Code § 1788.2(c), failed, in the manner prescribed by Cal. Civ. Code § 1812.700(b) or Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated the RFDCPA, Cal. Civ. Code 1788 et seq.

24. In this initial communication, Defendant stated that the balance Plaintiff owed was "$4,256.94."

25. This amount was not expressly authorized to be collected by the agreements creating the alleged debt and as a result, the collection of this amount constitutes an unfair or unconscionable means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§1692f and 1692f(1). Because Defendant violated 15 U.S.C. §§1692f and 1692f(1), Defendant also violated Cal. Civ. Code § 1788.17.

26. Demanding this amount also represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§1692, 1692e(2)(A), and 1692e(10). Because Defendant violated 15 U.S.C. §§1692, 1692e(2)(A), and 1692e(10), Defendant also violated Cal. Civ. Code §1788.17.

27. In this same letter, Defendant stated, "Any check returned for insufficient funds or account closed will be addressed a processing fee of $30.00 or amount not greater than the face value of the check."

28. This statement represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5) and Cal. Civ. Code § 1788.10(f). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

//

//

29. This statement also represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10). Because Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), Defendant also violated Cal. Civ. Code § 1788.17.

30. This initial communication to Plaintiff by Defendant included a written notice, the language of which overshadowed, weakened, and failed to comply with the notice required by 15 U.S.C. § 1692g(a)(3), and subsequently, Cal. Civ. Code 1788.17, because it attempted to limit the rights available to Plaintiff in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by stating, "You have thirty (30) days to make arrangements for payment or further efforts will commence."

31. On or about June 7, 2006, Plaintiff contacted Defendant by telephone and inquired, among other things, about the balance due. Plaintiff explained that the original alleged debt was for far less than the $4256.94 Defendant sought to recover. In response, Defendant stated that the increased debt amount was on account of "late fees" and "attorney fees."

32. This statement constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692f, 1692f(1), and Cal. Civ. Code § 178813(e). Because Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692f, and 1692f(1), Defendant also violated Cal. Civ. Code § 1788.17.

33. On or about June 30, 2006, Defendant sent, and Plaintiff received, a letter demanding payment of the alleged debt. (See Plaintiff's Exhibit 2).

34. In this letter, Defendant stated that the balance Plaintiff owed was "$4,256.94."

35. This amount was not expressly authorized to be collected by the agreements creating the alleged debt and as a result, the collection of this amount constitutes an unfair or unconscionable means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§1692f and 1692f(1). Because Defendant violated 15 U.S.C. §§1692f and 1692f(1), Defendant also violated Cal. Civ. Code § 1788.17.

36. Demanding this amount also represents a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§1692, 1692e(2)(A), and 1692e(10). Because Defendant violated 15 U.S.C. §§1692, 1692e(2)(A), and 1692e(10), Defendant also violated Cal. Civ. Code §1788.17.

37. On or about July 24, 2006, Defendant contacted Plaintiff by telephone and demanded payment of the alleged debt. During this conversation, Defendant stated, "If you don't pay this debt, we are going to sue your butt."

38. This statement had the natural consequence of harassing, oppressing, or abusing Plaintiff in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§1692d, 1692d(2), and Cal. Civ. Code § 1788.11(a). Because Defendant violated 15 U.S.C. §§1692d and 1692d(2), Defendant also violated Cal. Civ. Code § 1788.17.

39. This statement also represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

40. This statement also constitutes a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§1692e, 1692e(10), and Cal. Civ. Code § 1788.13(j). Because Defendant violated 15 U.S.C. §§1692e and 1692e(10), Defendant also violated Cal. Civ. Code §1788.17.

41. On or about September 25, 2006, Defendant contacted Plaintiff by telephone an demanded payment of the alleged debt.

42. During this conversation, Defendant stated that if Plaintiff failed to pay the alleged debt, that Defendant would bring Plaintiff "into litigation" and that Plaintiff's wages would be garnished.

43. These statements represented the threat to take an action that cannot legally be taken or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5). Because this action violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code 1788.17.

44. These statements also represented a false, deceptive, or misleading means used in connection with the collection of the alleged debt. As such, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), 1692e(10), Cal. Civ. Code §§ 1788.10(e), and 1788.13(j). Because Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(4), and 1692e(10), Defendant also violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

//

//

//

//

47. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

50. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

//

- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### TRIAL BY JURY

51. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 9/25/06

Respectfully submitted,
**HYDE & SWIGART**

By: [signature]
Robert L. Hyde, Esq.
Attorney for Plaintiff

# Affidavit and Verification of Complaint by Fred Jones

I, Fred Jones, upon my oath, declare and say as follows:

(1) I am the Plaintiff in this civil proceeding, Jones v. Benjamin Michael & Associates

(2) I have read the Civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

(3) I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law.

(4) I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

(5) I have filed this Civil Complaint in good faith and solely for the purposes set forth.

I declare the foregoing to be true and correct under penalty of perjury under the laws of the State of California.

Fred H. Jones
Fred Jones

09-21-06
Date Signed

SOLES

PO Box 609
Smithtown NY 11787-0609
RETURN SERVICE REQUESTED

# Benjamin Michael & Associates

PO Box 609 ◆ Smithtown NY 11787-0609
Phone (631) 234-5020 ◆ Fax (631) 234-3487

ORIGINAL AMT. INVESTMENT

| Date | Account # |
|---|---|
| 6/9/06 | 343773-9 |

BENJAMIN MICHAEL & ASSOCIATES
PO Box 609
Smithtown NY 11787-0609

COLLECTIONS

174364 5685 343773-9-RE1

Fred Jones
PO BOX 16994
SAN DIEGO CA 92176-6994

| FILL OUT BELOW FOR CREDIT CARD PAYMENTS. | |
|---|---|
| DISCOVER ☐ VISA ☐ MC ☐ CHECK CARD USING FOR PAYMENT | |
| CARD NUMBER PLUS 3 DIGIT SECURITY CODE (on back of card) | EXP. DATE / |
| CARDHOLDER NAME CARDHOLDER SIGNATURE | AMOUNT $ |

| RE: | WELLS FARGO INVESTMENTS |
|---|---|
| Balance: | $4,256.94 |

***Please Detach Upper Portion and Return with Payment***

RE: WELLS FARGO INVESTMENTS
Account No: 343773-9
Account Balance: $4,256.94

ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ADDRESSED A PROCESSING FEE OF $30.00 OR AMOUNT NOT GREATER THAN THE FACE VALUE OF THE CHECK.

Dear Fred Jones:

Please be advised that your account has been assigned to Benjamin Michael & Associates. This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose. You have thirty (30) days to make arrangements for payment or further efforts will commence.

You are directed to address all future correspondence and payments concerning this account to this address:

Benjamin Michael & Associates
PO Box 609
Smithtown NY 11787-0609

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
*Michael Hess*
Benjamin Michael & Associates

ICOBEMI0IRE1

PLAINTIFF'S EXHIBIT: 1
HYDE & SWIGART
(619) 233-7770

MEMBER
ACA INTERNATIONAL
The Association of Credit and Collection Professionals

CRAIG INVESTED 10,000 + 5,000



LINTER

$2500.00

PO Box 609
Smithtown NY 11787-0609
RETURN SERVICE REQUESTED

**Benjamin Michael & Associates**
PO Box 609 ◆ Smithtown NY 11787-0609
Phone (631) 234-5020 ◆ Fax (631) 234-3487

| Date | Account # |
|---|---|
| 6/30/06 | 343773-9 |

BENJAMIN MICHAEL & ASSOCIATES
PO Box 609
Smithtown NY 11787-0609

508172 180 343773-9-RE2

Fred Jones
PO BOX 16994
SAN DIEGO CA 92176-6994

| FILL OUT BELOW FOR CREDIT CARD PAYMENTS. | | |
|---|---|---|
| DISCOVER ☐ VISA ☐ MC ☐ | CHECK CARD USING FOR PAYMENT | |
| CARD NUMBER PLUS 3 DIGIT SECURITY CODE (on back of card) | | EXP. DATE / |
| CARDHOLDER NAME | CARDHOLDER SIGNATURE | AMOUNT $ |

| RE: | WELLS FARGO INVESTMENTS |
|---|---|
| Balance: | $4,256.94 |

***Please Detach Upper Portion and Return with Payment***

RE: WELLS FARGO INVESTMENTS
Account No: 343773-9
Account Balance: $4,256.94

ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ADDRESSED A PROCESSING FEE OF $30.00 OR AMOUNT NOT GREATER THAN THE FACE VALUE OF THE CHECK.

Dear Fred Jones:

We have not received a satisfactory response from our first letter or efforts; therefore, the account listed above has been referred to our office. Partial payment is not acceptable. The balance must be received by our office within ten days to avoid further action.

Should it become necessary to file suit against you, there will be no other notice. If a court judgment is obtained, you may be obligated to pay considerably more money for court costs, attorney fees, and any other remedies the court may grant. You may mail your check or money order to the above address or if paying by MasterCard or VISA call the number listed above or fill out the credit card form and mail in the top portion with your payment.

To insure proper credit, please return the top portion of this letter with your payment in full.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
*Michael Hess*
Benjamin Michael & Associates

1COBEMI01RE2

PLAINTIFF'S EXHIBIT: 2
HYDE & SWIGART (619) 233-7770

MEMBER



JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Fred Jones

**DEFENDANTS**

Benjamin Michael & Associates

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego

**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Suffolk, NY

**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Robert L. Hyde
411 Camino Del Rio South
Suite 301
San Diego, CA 92108

**ATTORNEYS (IF KNOWN)**

Unknown

'06 CV 2079 W WMc

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code 1788 et seq

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prisoner Conditions

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☒ 890 Other Statutory Actions

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** 50000

Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 9/22/06 SIGNATURE OF ATTORNEY OF RECORD

#129819 $350 KO 9/26/06



ORIGINAL

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 129819 - A3
September 26, 2006

| Code | Case # | Qty | Amount |
|---|---|---|---|
| CV086900 | 3-06-CV-2079 | | 60.00 CC |
| Judge | - WHELAN | | |
| 2510000 | | | 190.00 CC |
| CV086400 | | | 100.00 CC |

Total-> 350.00

FROM: CIVIL FILING
JONES V. MICHAEL & ASSOC.
AMEX AUTH#569348
KD